Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2021 03:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Leighton Deputy Clerk
21STCV14966

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2021 MAY 10   A 8: 57



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

County of Los Angeles; DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gary Salzman, individually and as Successor-in-Interest to Gary Allen
Salzman, Jr. (d

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Central District, 111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
21STCV14966

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary Salzman. 41029 172d St., Lancaster, CA 93535. 661-264-0906.

DATE:
*(Fecha)* 04/21/2021

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by
*(Secretario)*         D. Ramos         , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* County of los Angeles

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 5-14-21

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/20/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV14966 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Christopher K. Lui | 76 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/21/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/20/2021 04:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R Perez, Deputy Clerk
21STCV14966

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gary Salzman<br>41029 172d St.<br>Lancaster, CA 93535 | |

TELEPHONE NO.: 661-264-0906   FAX NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Gary Salzman v. County of Los Angeles; DOES 1-50

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21STCV14966 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: (1) Negligence; (2) Wrongful Death; (3) Cal. Civ. Code §51.7; (4)42 U.S.C. 1983
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/09/2021

Gary Salzman
(TYPE OR PRINT NAME)

▶ /s/ Gary Salzman
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1-50 | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1-50 | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1-50 | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1-50 | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>41029 172d St. |
|---|---|
| CITY:<br>Lancaster | STATE:<br>CA | ZIP CODE:<br>93535 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __CENTRAL__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __04/09/2021__

__/s/ Gary Salzman__
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2021 03:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg, Deputy Clerk

1  Gary Salzman
   Plaintiff
2  41029 172d St.
   Lancaster, CA 93535
3  661-264-0906

4

5

6

7

8              SUPERIOR COURT OF CALIFORNIA
          COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9   Gary Salzman, individually and as Successor-    CASE NO.:                 21STCV14966
10  in-Interest to Gary Allen Salzman, Jr. (d,

11              Plaintiff,                    PLAINTIFF GARY SALZMAN C.C.P.
                                             §377.32 DECLARATION
12          vs.

13  County of Loss Angeles; DOES 1 to 50,

14              Defendants.

15

16

17       I, Gary Salzman, declare as follows:

18  1.  I am the Plaintiff in the above captioned action, filed April 20, 2021.

19  2.  I am the father of the late Gary Allen Salman, Jr., deceased.

20  3.  The deceased died July 05, 2020 at LA/USC Medical Center (**SEE ATTACHED EXHIBIT
        #1,** a true and correct copy of the deceased's Certificate Of Death.

21  4.  No proceeding is now pending in California for administration of the decedent's estate.

22  5.  The declarant is the decedent's successor in interest (as defined in Section 377.11 of the
23      California Code of Civil Procedure ) and succeeds to the decedent's interest in the action or

24      proceeding.

25  6.  No other person has a superior right to commence the action or proceeding or to be
        substituted for the decedent in the pending action or proceeding.

PLAINTIFF GARY SALZMAN C.C.P. §377.32 DECLARATION
- 1-

1    I, Gary Salzman, declare under penalty of perjury the foregoing is true and correct to the

2    best of my knowledge.  Signed this 21st day of April 2021, Lancaster, California.

3

4

5

6

7                                                                        /s/ Gary Salzman
                                                                    Plaintiff, Gary Salzman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT #1

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

3052020163826    CERTIFICATE OF DEATH    3202019039105

| STATE FILE NUMBER | | LOCAL REGISTRATION NUMBER |

1. NAME OF DECEDENT—FIRST (Given): **GARY**
2. MIDDLE: **ALLEN**
3. LAST (Family): **SALZMAN JR.**

AKA ALSO KNOWN AS—include full AKA (FIRST, MIDDLE, LAST)

4. DATE OF BIRTH: **07/01/1977**   5. AGE Yrs: **43**   6. SEX: **M**

7. CITY OF DEATH: **CA**
8. DEATH IN THIS COUNTY: **07/05/2020**   HOUR (24 HOUR): **1854**

9. BIRTH STATE/FOREIGN COUNTRY: **CA**
10. SOCIAL SECURITY NUMBER: **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**
11. EVER IN U.S. ARMED FORCES?: **NO**
12. MARITAL STATUS: **DIVORCED**

13. EDUCATION: **ASSOCIATE**
14/15. HISPANIC: **NO**
16. DECEDENT'S RACE: **WHITE**

17. USUAL OCCUPATION: **EXECUTIVE CHEF**
18. KIND OF BUSINESS: **RESTAURANT**
19. YEARS IN OCCUPATION: **11**

20. DECEDENT'S RESIDENCE: **531 EAST 31ST STREET**
21. CITY: **LOS ANGELES**
22. COUNTY/PROVINCE: **LOS ANGELES**
23. ZIP CODE: **90011**
24. YEARS IN COUNTY: **5**
25. STATE/FOREIGN COUNTRY: **CA**

26. INFORMANT'S NAME, RELATIONSHIP: **MARY ELAINE SALZMAN, MOTHER**

34. NAME OF FATHER/PARENT—FIRST: **GARY**   35. MIDDLE: **ALLEN**   36. LAST: **SALZMAN**   BIRTH STATE: **OH**

37. NAME OF MOTHER/PARENT—FIRST: **MARY**   MIDDLE: **ELAINE**   LAST (BIRTH NAME): **DI-MEGLIO**   BIRTH STATE: **CT**

39. DISPOSITION DATE: **07/28/2020**
40. PLACE OF FINAL DISPOSITION: **DESERT LAWN MEMORIAL PARK, 2200 EAST AVE S, PALMDALE, CA 93550**

41. TYPE OF DISPOSITION: **CREMATION/BURIAL/RESIDENCE**
42. SIGNATURE OF EMBALMER: **DAMIEN WRIGHT**   LICENSE: **EMB9408**

43. NAME OF FUNERAL ESTABLISHMENT: **FORBES CREMATION AND BURIAL SERVICES**   FD2201   MUNTU DAVIS, M.D.   07/27/2020

| PLACE OF DEATH | | |
| --- | --- | --- |
| 101. PLACE OF DEATH: **LAC/USC MEDICAL CENTER** | | |
| 102. COUNTY: **LOS ANGELES** | 103. FACILITY ADDRESS: **2051 MARENGO STREET** | CITY: **LOS ANGELES** |

107. CAUSE OF DEATH:
Immediate Cause (a) **SEQUELAE OF MANUAL STRANGULATION**   HOURS   2020-05985
(b) **BLUNT FORCE TRAUMA**   HOURS

Due to (b)

114. OTHER SIGNIFICANT CONDITIONS: **NONE**

116. WAS OPERATION PERFORMED: **NO**

118. SIGNATURE AND TITLE OF CERTIFIER

119. BIOPSY PERFORMED?: **NO**   07/08/2020   1230

121. PLACE OF INJURY: **JAIL**

122. DESCRIBE HOW INJURY OCCURRED: **ASSAULTED BY ANOTHER**

123. LOCATION OF INJURY: **450 BAUCHET STREET, LOS ANGELES, CA 90012**
124. DATE: **07/20/2020**
125A. TYPE NAME, TITLE OF CORONER: **EVONNE D REED, DEPUTY CORONER**

**EVONNE D REED**

---

## CERTIFIED COPY OF VITAL RECORD
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

90 527716

DATE ISSUED

Health Officer and Registrar ___ MD    · AUG 1 0 2021

DO 25   This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.



Ex. #1

CALOSANGO3

Electronically FILED by Superior Court of California, County of Los Angeles on 04/20/2021 04:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Ramirez, Deputy Clerk
21STCV14966

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Christopher Lui

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gary Salzman<br>41029 172d St.<br>Lancaster, CA 93535<br><br>TELEPHONE NO: 661-264-0906   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT COURTHOUSE

PLAINTIFF: Gary Salzman, individually and as Successor-in-Interest to Gary Allen Salzman, Jr. (d

DEFENDANT: County of Los Angeles;

[x] DOES 1 TO 50

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED *(Number):***<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**  [x] **OTHER** *(specify):* CIVIL RIGHTS<br>  [ ] **Property Damage**  [x] **Wrongful Death**<br>  [ ] **Personal Injury**  [x] **Other Damages** *(specify):* NEGLIGENCE<br>**Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>  Amount demanded  [ ] does not exceed $10,000<br>           [ ] exceeds $10,000, but does not exceed $25,000<br>[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED by this amended complaint**<br>  [ ] **from limited to unlimited**<br>  [ ] **from unlimited to limited** | CASE NUMBER:<br><br>21STCV14966 |

1. **Plaintiff** *(name or names):* Gary Salzman, individually and as Successor-in-Interest to Gary Allen Salzman, Jr. (deceased)
   alleges causes of action against **defendant** *(name or names):*
   County of Los Angeles; does 1 - 50

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov



PLD-PI-001

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except** defendant *(name):* County of Los Angeles
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☒ a public entity *(describe):*
          Municipal entity
      (5) ☐ other *(specify):*

   b. ☒ **except** defendant *(name):* DOES 1 - 50
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☒ other *(specify):*
          UNKNOWN AT THIS TIME

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☒ other *(specify):*
          UNKNOWN AT THIS TIME

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 - 50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 - 50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

---

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**



PLD-PI-001

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☐ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☒ Other *(specify):*
    CIVIL RIGHTS VIOLATIONS; WRONGFUL DEATH

11. Plaintiff has suffered
a. ☐ wage loss
b. ☐ loss of use of property
c. ☐ hospital and medical expenses
d. ☒ general damage
e. ☐ property damage
f. ☐ loss of earning capacity
g. ☒ other damage *(specify):*
    Special Damages

12. ☒ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☒ as follows:
        Plaintiff has been and will forever be deprived of GARY, JR's love, affection, society, companionship and support, suffered severe mental anguish, severe emotional distress and financial losses all to Plaintiff's damages according to proof at trial. Plaintiff has incurred funeral and cremation expenses according to proof at trial.

13. The relief sought in this complaint is within the jurisdiction of this court.
    $25,000.00+

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☐ compensatory damages
       (2) ☒ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $
15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 04/09/2021

Gary Salzman                                          ▶ /s/ Gary Salzman
_____(TYPE OR PRINT NAME)_____                  _____(SIGNATURE OF PLAINTIFF OR ATTORNEY)_____

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property**    Page 3 of 3
                                      **Damage, Wrongful Death**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [Print this form]   [Save this form]         [Clear this form]

③

PLD-PI-001(3)

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles | CASE NUMBER |
|---|---|

1 (Wrongful Death)                    **CAUSE OF ACTION—Intentional Tort**          Page _____
_(number)_

ATTACHMENT TO      [x] Complaint      [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

**IT-1.** Plaintiff _(name):_ Gary Salzman, individually and as Successor-in-Interest to Gary Allen Salzman, Jr. (deceased)

alleges that defendant _(name):_ County of Los Angeles

[x] Does  1 _____ to  50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on _(date):_ July 05, 2020

at _(place):_ Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012

_(description of reasons for liability):_

1. The deceased, Gary Allen Salzman, Jr. was arrested on or about June 22, 2020.
2. The deceased was eventually housed at Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012.
3. The deceased was murdered in his jail cell by another inmate July 05, 2020.
4. A true and correct copy of the July 09, 2020, County of Los Angeles, Department of Medical Examiner - Coroner, Autopsy Report is attached to Plaintiff's verified complaint as Exhibit #1.
5. The deceased was born and raised in the greater Antelope Valley area, Los Angeles County.
6. The deceased was a veteran of the United States Army and suffered from PTSD.
7. The deceased achieved his Associate of Arts in Culinary Arts and relocated to the greater Los Angeles area where he worked as a Chef.
8. The deceased was an openly gay man and was terrified for his safety amongst the notoriously dangerous general population. He did not want to leave his cell and an extraction order was issued the by the Los Angeles Superior Court on June 26, 2020.
9. On June 29, 2020 the deceased was denied to be released on his own recognizance by the Los Angeles Superior Court.
10. On July 02, 2020 an Order was signed by the Los Angeles Superior Court appointing a psychiatrist or psychologist to the deceased pursuant to California Evidence Code §§730, 952.
11. The deceased was murdered in his jail cell by another inmate July 05, 2020.
12. On August 11, 2020 all charges against the deceased were dismissed.
13. At or about the aforementioned time, date and place, Defendants employees, the Los Angeles County Sheriff's Department, intentionally and negligently and recklessly allowed the deceased to have his throat crushed by another inmate.
14. All acts and ommissions by the Los Angeles County Sheriff's Department and DOES 1 to 50 were committed during the course and scope of their employment by and for Defendant the County of Los Angeles and DOES 1 to 50.
15. The Defendant and DOES 1 to 50 and their employees failed to act reasonably in protecting the deceased from harm and to obtain medical care reasonably quickly and as a direct and proximate cause of this reckless indifference by Defendant the deceased was violently murdered at the infamous Twin Towers Jail and left on the jail cell floor to die.
16. As a legal and proximate cause of the Defendants and DOES 1 to 50 acts and ommissions the deceased''s father, Plaintiff Gary Allen Salzman, will be deprived of his son's love, society, affection and companionship and support, all to damages according to proof at trial.
17. As a legal and proximate cause of the Defendants and DOES 1 to 50 acts and ommissions the deceased''s father, Plaintiff Gary Allen Salzman also incurred funeral and cremation expenses

Code of Civil Procedure § 425.12<br>www.courts.ca.gov

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Intentional Tort**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

 Print this form | Save this form

 Clear this form



PLD-PI-001(2)

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles; DOES 1 to 50 | CASE NUMBER: |
|---|---|

| 2 (Negligence) | **CAUSE OF ACTION—General Negligence** | Page _____ |
|---|---|---|
| (number) | | |

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Gary Salzman

alleges that defendant *(name):* County of Los Angeles

☒ Does   1 _____ to 50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* July 05, 2020

at *(place):* Twin Towers Jail, 450 Bauchet St., Los Angeles, CA 90012

*(description of reasons for liability):*

1. Plaintiff incorporates all prior paragraphs and pages allegations as the though fully set forth herein, including all exhibits.
2. The deceased, Gary Allen Salzman, Jr. was arrested on or about June 22, 2020.
3. The deceased was eventually housed at Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012.
4. The deceased was murdered in his jail cell by another inmate July 05, 2020 whiel under the exclusive care and supervision of Defendants.
5. A true and correct copy of the July 09, 2020, County of Los Angeles, Department of Medical Examiner - Coroner, Autopsy Report is attached to Plaintiffs verified complaint as Exhibit #1.
6. Defendant's jail and its employees owes a special duty of care to inmates when they are in the jail's custody.
7. The deceased mental and physical condition was not screened by Defendant's jail officials.
8. Because the deceased was deprived of his liberty, it becomes the duty of the jailer to care for the deceased health, safety, and welfare.
9. The duty owed is a special affirmative duty to the deceased (inmate), one that is nondelegable. "That, therefore, is the background against which we reach the issue before us: whether there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter. We hold that there is. (Giraldo v. Department of Corrections & Rehabilitation (2008) 168 Cal.App.4th 231, 250.)
10. The deceased in no way shape or form consented to have his throat crushed and subsequently murdered while in the exclusive care, custody and control of Defendant and DOES 1 to 50.
11. Given the documented violent reputation of the Twin Towers Jail, the documented gang problems wihtin Los Angeles County and documented wrongful conduct of the Defendant and DOES 1 to 50 it was reasonably foreseeable the deceased would succumb to violence and/or death while housed at the Twin Towers Jail.
12. "It is manifestly foreseeable that an inmate may be at risk of harm, as the recently enacted PREA and SADEA show, recognizing the serious problem presented by sexual abuse in the prison environment." (Giraldo v. Department of Corrections & Rehabilitation, Ibid.)
13. The duty to protect the deceased against unreasonable risk of harm extends to risks arising out of the actor's own conduct, or the condition of his land or chattels. It extends also to risks arising from forces of nature or animals, or from the acts of third persons, whether they be innocent, negligent, intentional, or even criminal.
14. But for Defendant and DOES 1 to 50 conduct described herein the deceased would still be alive and therefore are the legal and proximate cause of Plaintiff's loss of his beloved son, Gary Allen Salzman, Jr.

Page 1 of 1



MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gary Salzman v. County of Los Angeles; DOES 1 to 50 | |

**ATTACHMENT** *(Number):* 1_____

*(This Attachment may be used with any Judicial Council form.)*

15. One does not ordinarily die in prison absent extreme and outrageous recklessness and/or extreme oppression.

16. Just reading the Los Angeles County Coroner's Report Plaintiff obtained late January 2021 has caused, and continues to cause, Plaintiff extreme emotional distress and the Report haunts this Plaintiff everyday since.

17. The Defendant and DOES 1 to 50 extrajudicial killing of my son while in their sole custody and control has caused Plaintiff extreme emotional distress and pain and suffering beyond description.

18. I cannot even begin to imagine the horror my son must have felt as he was murdered in a jail cell and this causes me extreme emotional distress and pain.

19. The Defendant and DOES 1 to 50 intentionally reckless and malicious conduct in allowing Plaintiff's son to be the subject of an extrajudicial killing has cause the severest of emotional distress to Plaintiff and damaged him permanently psychologically and physically.

20. The recklessness of Defendant and DOES 1 to 50 shows a sick indifference towards inmates and their families housed in Twin Towers Jail.  Every prisoner has a family, a mother and father who still loves him and cares deeply about their loved ones health and welfare, independent of their incarceration.

21. The deceased, who was openly homosexual and suffered from extreme PTSD, was never segregated from the general jail population.

22. As a direct and proximate cause of the negligence, acts and ommissions, including reasonably necessary immediate medical care for the DECEDENT, of Defendant and DOES 1 to 50 (under Government Code § 815.2)herein described, and breach of duty owed by all Defendants, DECEDENT was caused to suffer severe pain and suffering and ultimately died by homicide (SEE PLAINTIFF's EXHIBIT #1).

23. As a direct and proximate result of the negligence, acts and omissions herein described of Plaintiff has suffered extreme and severe mental anguish and has been injured in mind and body.

24. Plaintiff also has been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of DECEDENT,  and will continue to be so deprived for the remainder of their natural lives, all to Plaintiff's damages according to proof at trial.

25. The  Defendant is vicariously liable for the wrongful acts of Defendant DOES 1 to 50 pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employee Sheriff Deputies within the scope of the employment if the employee's  act would subject him or her to liability.

26. The negligence of the said Defendants and DOES 1 to 50 proximately caused personal injuries, emotional damages, funeral costs, and damages to Plaintiff.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  1

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**



PLD-PI-001(3)

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1 to 50 | CASE NUMBER |
|---|---|

3 (Cal. Civ. Code §51.7)      **CAUSE OF ACTION—Intentional Tort**     Page _____
___(number)___

ATTACHMENT TO   [x] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Gary Salzman

alleges that defendant *(name):* County of Los Angeles

[x] Does 1 _____ to 50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* July 05, 2020

at *(place):* Twin Towers Jail, 450 Bauchet St., Los Angeles, CA 90012

*(description of reasons for liability):*

1. Plaintiff incorporates all prior paragraphs and pages allegations as the though fully set forth herein, including all exhibits.
2. The deceased, Gary Allen Salzman, Jr. was arrested on or about June 22, 2020.
3. The deceased was eventually housed at Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012.
4. The deceased was murdered in his jail cell by another inmate July 05, 2020 while under the exclusive care and supervision of Defendants.
5. A true and correct copy of the July 09, 2020, County of Los Angeles, Department of Medical Examiner - Coroner, Autopsy Report is attached to Plaintiffs verified complaint as Exhibit #1.
6. Defendant and DOES 1 to 50 are not immune under Gov. Code § 820.8 from claims that they violated the Ralph and Bane Acts by failing to implement adequate policies and failing to train his staff sufficiently to avoid violations of inmates' rights.
7. The deceased was murdered while under the exclusive custody and control of Defendant and DOES 1 to 50. The civil right, or right to live and familial contact, is an unequivocable right that the deceased had violated by Defendant and DOES 1 to 50.
8. Defendant and DOES 1 to 50 failure to act and to call a supervisor and to obtain reaosnably quick medical care were/was the legal and proximate caused of DECEDENT's death through homicide.
9. Because of spacing and the lack of programming at Defendant's jail, the mentally unstable and dangerous population, is housed amongst a general inmate population that is inherently dangerous to those inmates not a member of a gang or of a different race.
10. THE DECEDENT, who was openly homosexual and suffered from PTSD from his service in the United States Army and Guard, was recklessly endangered by Defendant and DOES 1 to 50 as previously described herein and in being housed with a violent and dangerous felon, inmate.
11. Defendant failed to adequately prescreen, train, supervise, oversee and monitor Defendant's Los Angeles County Sheriff's Department and as a direct and proximate result DECEDENT was unnecessarily subjected to dangeorus conditions ultimately resulting in his death.
12. Defendant and DOES 1 to 50 are in no way shape or form adequately prescreened, trained, supervised, oversee and monitor the country's largest mental health facility, the Twin Towers Jail. To the contrary, Twin Towers Jail proclivity for violence by Defendant and their employees is thoroughly documented and has resulted in the prosecution of former-

Code of Civil Procedure § 425.12
www.courts.ca.gov

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**



PLD-PI-001(3)

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles; DOES 1 to 50 | CASE NUMBER |
|---|---|

3 (Cal. Civ. Code §51.7)          **CAUSE OF ACTION—Intentional Tort**     Page _____
_____(number)_____

ATTACHMENT TO    [x] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Gary Salzman

   alleges that defendant *(name):* County of Los Angeles

   [x] Does  1 _____  to  50 _____

   was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
   caused the damage to plaintiff

   on *(date):*  July 05, 2020

   at *(place):*  Twin Towers Jail, 450 Bauchet St., Los Angeles, CA 90012

   *(description of reasons for liability):*

   1. Plaintiff incorporates all prior paragraphs and pages allegations as the though fully set forth herein, including all exhibits.
   2. The deceased, Gary Allen Salzman, Jr. was arrested on or about June 22, 2020.
   3. The deceased was eventually housed at Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012.
   4. The deceased was murdered in his jail cell by another inmate July 05, 2020 while under the exclusive care and
      supervision of Defendants.
   5. A true and correct copy of the July 09, 2020, County of Los Angeles, Department of Medical Examiner - Coroner,
      Autopsy Report is attached to Plaintiffs verified complaint as Exhibit #1.
   6. Defendant and DOES 1 to 50 are not immune under Gov. Code § 820.8 from claims that they violated the Ralph and
      Bane Acts by failing to implement adequate policies and failing to train his staff sufficiently to avoid violations of inmates'
      rights.
   7. The deceased was murdered while under the exclusive custody and control of Defendant and DOES 1 to 50. The civil
      right, or right to live and familial contact, is an unequivocable right that the deceased had violated by Defendant and
      DOES 1 to 50.
   8. Defendant and DOES 1 to 50 failure to act and to call a supervisor and to obtain reaosnably quick medical care were/was
      the legal and proximate caused of DECEDENT's death through homicide.
   9. Because of spacing and the lack of programming at Defendant's jail, the mentally unstable and dangerous population, is
      housed amongst a general inmate population that is inherently dangerous to those inmates not a member of a gang or of
      a different race.
   10. The DECEDENT, who was openly homosexual and suffered from PTSD from his service in the United States Army and
       Guard, was recklessly endangered by Defendant and DOES 1 to 50 as previously described herein and in being housed
       with a violent and dangerous felon, inmate.
   11. Defendant failed to adequately prescreen, train, supervise, oversee and monitor Defendant's Los Angeles County
       Sheriff's Department and as a direct and proximate result DECEDENT was unnecessarily subjected to dangerous
       conditions ultimately resulting in his death.
   12. Defendant and DOES 1 to 50 are in no way shape or form adequately prescreened, trained, supervised, oversee and
       monitor the country's largest mental health facility, the Twin Towers Jail. To the contrary, Twin Towers Jail proclivity for
       violence by Defendant and their employees is thoroughly documented and has resulted in the prosecution of former-

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure § 425.12
www.courts.ca.gov



MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gary Salzman v. County of Los Angeles; DOES 1 to 50 | |

**ATTACHMENT** (Number): 1

*(This Attachment may be used with any Judicial Council form.)*

12. (cont.) -Los Angeles County Sheriff Lee Baca.

13. Defendant and DOES 1 to 50 recklessly and intentionally interfered with the DECEDENTs personal safety and life in their failure to properly supervise, maintain and document the inmate population and proximity of inmates with mental health issues to one another that resulted in DECEDENTs homicide.

14. Defendant and DOES 1 to 50 knowingly and unreasonably disregarded an objectively intolerable risk of harm in housing more mental health patients in a single jail, not a mental health facility, then any where else in the United States, and that they will continue to do so to the danger of all others.

15. Defendant and DOES 1 to 50 violated DECEDENTs Eighth Amendment rights and jail officials, acting with deliberate indifference, exposed a DECEDENT to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether an inmate faces an excessive risk of attack for reasons personal to him or because all inmates in his situation face such a risk.

16. Plaintiff has been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives, all to Plaintiff's damages according to proof at trial.

17. The Defendant is vicariously liable for the wrongful acts of Defendant DOES 1 to 50 pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employee Sheriff Deputies within the scope of the employment if the employee's act would subject him or her to liability.

18. Defendant and DOES 1 to 50 conduct was a substantial factor in causing Plaintiff's harm.

19. Civil Code §52(a) provides for damages up to three times actual damages but a minimum of $4,000 for violations of Civil Code section 51 (Unruh Act), 51.5, and 51.6. Civil Code section 52(b) provides for punitive damages for violations of CivilCode sections 51.7 (Ralph Act) and 51.9. Neither subsection of Section 52 mentions the Bane Act or Civil Code section 52.1. Nevertheless, the reference to section 52 insubsection (b) of the Bane Act would seem to indicate that damages may be recovered under both subsections (a) and (b) of section 52.

20. The negligence in failing to protect the DECEDENT from the inherently dangerous conditions of the said Defendants and DOES 1 to 50 proximately caused personal injuries, emotional damages, statutory damages, funeral costs, and damages to Plaintiff.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE:<br>Gary Salzman v. County of Los Angeles; DOES 1 to 50 | CASE NUMBER |
|---|---|

<u>4 (42 U.S.C. §1983)</u>      **CAUSE OF ACTION—Intentional Tort**    Page _____
    *(number)*

ATTACHMENT TO    [ x ] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name):* Gary Salzman

     alleges that defendant *(name):* County of Los Angeles

     [ x ] Does 1 _____ to 50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* July 05, 2020

at *(place):* Twin Towers Jail, 450 Bauchet St., Los Angeles, CA 90012

*(description of reasons for liability):*

1. Plaintiff incorporates all prior paragraphs and pages allegations as the though fully set forth herein, including all exhibits.
2. The deceased, Gary Allen Salzman, Jr. was arrested on or about June 22, 2020.
3. The deceased was eventually housed at Twin Towers Jail, 450 Bauchet St. Los Angeles CA 90012.
4. The deceased was murdered in his jail cell by another inmate July 05, 2020 while under the exclusive care and supervision of Defendants.
5. A true and correct copy of the July 09, 2020, County of Los Angeles, Department of Medical Examiner - Coroner, Autopsy Report is attached to Plaintiffs verified complaint as Exhibit #1.
6. Defendant and DOES 1 to 50 conduct and actions as allege dherein were malicious and reckless and cannot meet any objective good faith standard under the alleged facts.
7. The deceased was murdered while under the exclusive custody and control of Defendant and DOES 1 to 50. The civil right, or the right to live and familial contact, is an unequivocable right that the deceased had violated and all DEFENDANTS failed to prevent inmate violence and subjected the DECEASED to impermissible privations.
8. Defendant and DOES 1 to 50 failure to act and to call a supervisor and to obtain reasonably quick medical care were/was the legal and proximate caused of DECEDENT's death through homicide.
9. Because of spacing and the lack of programming at Defendant's jail, the mentally unstable and dangerous population, is housed amongst a general inmate population that is inherently dangerous to those inmates not a member of a gang or of a different race.
10. The DECEDENT, who was openly homosexual and suffered from PTSD from his service in the United States Army and Guard, was recklessly endangered by Defendant and DOES 1 to 50 as previously described herein and in being housed with a violent and dangerous felon, inmate.
11. Defendant and DOES 1 to 50 deliberate indifference to these happenings constitutes the unnecessary and wanton infliction of pain proscribed the Eighth Amendment.
12. The DECEASED and fellow inmates lived in constant and imminent fear of physical violence and sexual assaults at Twin Towers Jail.
13. As a direct and proximate cause of Defendant and DOES 1 to 50 conduct it was reasonably foreseeable the DECEASED could be murdered while in the exclusive control, management and custody of the Defendants.
14. Through Defendant and DOES 1 to 50 failure to afford reasonable protection the DECEASED was  harmed, to wit:

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure § 425.12<br>www.courts.ca.gov



MC-025

| SHORT TITLE: Gary Salzman v. County of Los Angeles; DOES 1 to 50 | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): 1

*(This Attachment may be used with any Judicial Council form.)*

14. (cont.) -sequelae of manual strangulation and blunt force trauma- a homicide.

15. Defendant and DOES 1 to 50 knowingly and with deliberate indifference unreasonably disregarded an objectively intolerable risk of harm in housing more mental health patients in a single jail, including DECEDENT, not a mental health facility, then any where else in the United States, and that Defendant and DOES 1 to 50 will continue to do so to the danger of all others.  This has been the case for over a decade and shows intentional, reckless indifference to the inmates, and especially DECEDENT, constitutional rights and is the natural consequence of such long term intentional indifference.

16. Defendant and DOES 1 to 50 violated DECEDENTs Eighth Amendment rights and jail officials, acting with deliberate indifference, exposed DECEDENT to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether an inmate faces an excessive risk of attack for reasons personal to him or because all inmates in his situation face such a risk.

17. It has been both a settled and first principle of the Eighth Amendment, long before the relevant 2020-2021 period in the instant case, that penal measures are constitutionally repugnant if they are incompatible with 'the evolving standards of decency that mark the progress of a maturing society,' or [if they] 'involve the unnecessary and wanton infliction of pain.' Estelle v. Gamble (1976) 429 U.S. 97 (citations and footnotes omitted). Violent attacks and sexual assaults by inmates upon the DECEDENT while in Twin Towers Jail are manifestly inconsistent with contemporary standards of decency.

18. Moreover, in the highly publicized landmark case of Holt v. Sarver (8th Cir. 1971) 442 F.2d 304, 308, it was held that under the Eighth Amendment prisoners are entitled to protection from the assaults of other prisoners.

19. Since constitutional developments prior to the 2020 - 2021 period had crystallized in DECEDENT's and Plaintiff's favor, Defendant and DOES 1 to 50 should have known that their actions within the sphere of their official responsibility would violate DECEDENT's constitutional rights, including their deliberate indfference in housing DECEDENT with a known gang member and violent, convicted felon with extreme mental health issues.

17. Defendant and DOES 1 to 50 decision to place a homosexual male in a cell with an "aggressive heterosexual," just prior to, and resulting in DECEDENT's death, was and is deliberate indifference to the DECEDENT's personal security.

18. Plaintiff has been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives, all to Plaintiff's damages according to proof at trial.

19. The Defendant is vicariously liable for the wrongful acts of Defendant DOES 1 to 50 pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employee Sheriff Deputies within the scope of the employment if the employee's act would subject him or her to liability.

20. Defendant and DOES 1 to 50 conduct was a substantial factor in causing Plaintiff's harm.

21. Plaintiff is entitled to punitive damages due to Defendant and DOES 1 to 50 reckless and oppressive conduct and callous indifference to the federally protected rights of DECEDENT and others.

22. In failing to protect the DECEDENT from the inherently dangerous conditions of the said Defendant and DOES 1 to 50 proximately caused personal injuries, emotional damages, statutory damages, funeral costs, loss of familial contact, love and companionship and damages to Plaintiff according to proof at trial.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

(11)

1

## **VERIFICATION**

2      I, Gary Salzman, am the Plaintiff in this case. I have read the complaint and its exhibits I

3   have prepared.    I am familiar with the contents of both.    Based on my knowledge, the

4   complaint's allegations are true.

5      I declare under penalty of perjury under the laws of the State of California that the

   foregoing complaint is true and correct.

6

7      DATED: April 09, 2021

8                                                          /s/ Gary Salzman
                                                           Plaintiff, Gar Sazlman
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



VERIFICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #1

Exhibit #1


COUNTY OF LOS ANGELES
DEPARTMENT OF
MEDICAL EXAMINER-CORONER

# 19

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
IN THE MATTER OF THE DEATH OF

CC#2020-05985

Salzman Jr, Gary Allen

The Medical Examiner- Coroner of the County of Los Angeles Certifies:

That on the 09th day of July, 2020, in accordance with the law, he inquired into the circumstances surrounding the death of the above-mentioned person, caused an examination and identification to be made of the body and found that the deceased was named:

Gary Allen Salzman Jr

a MALE ☒, age about 43 years; that HE☒ came to HIS ☒ death on the 05th day of July, 2020 at:

Lac / Usc Medical Center

2051 Marengo Street

Los Angeles, California 90033

Los Angeles County, California; and that was caused by:

Sequelae Of Manual Strangulation Blunt Force Trauma

Mode: Homicide

Given under my hand this 25th day of January, 2021

By:        Delia Flores
_____
Deputy Coroner, Please Print

_____
Signature, Please Sign

This is a true certified copy of the record if it bears the seal of the Department of Medical Examiner - Coroner imprinted in purple ink.

CHIEF MEDICAL EXAMINER - CORONER
DEPARTMENT OF MEDICAL EXAMINER - CORONER
LOS ANGELES COUNTY, CALIFORNIA

Revised
07'19



COUNTY OF LOS ANGELES                                    DEPARTMENT OF MEDICAL EXAMINER-CORONER

# 12

# AUTOPSY REPORT

I performed an autopsy on the body of ➡

at

the DEPARTMENT OF MEDICAL EXAMINER-CORONER

No.

2020-05985

SALZMAN JR., GARY ALLEN

| Los Angeles, California | on | JULY 9, 2020 | 1220 HOURS |
| | | (Date) | (Time) |

From the anatomic findings and pertinent history I ascribe the death to:

(A) SEQUELAE OF MANUAL STRANGULATION AND BLUNT FORCE TRAUMA

DUE TO OR AS A CONSEQUENCE OF
(B)

DUE TO OR AS A CONSEQUENCE OF
(C)

DUE TO OR AS A CONSEQUENCE OF
(D)

OTHER CONDITIONS CONTRIBUTING BUT NOT RELATED TO THE IMMEDIATE CAUSE OF DEATH

MANNER OF DEATH
HOMICIDE

HOW INJURY OCCURRED
ASSAILED BY ANOTHER

*Anatomic Summary:*

I.   External trauma.

    A. Contusions of face, anterior neck, chest, and hands.
    B. Lacerations of lip mucosae.
    C. Abrasions of abdomen.

II.  Internal trauma.

    A. Diffuse tongue contusions.
    B. Thyroid cartilage fractures.
    C. Diffuse contusions of anterior neck strap muscles.
    D. Left 3rd and 4th anterolateral rib fractures.
    E. Surface hilar lacerations of liver and spleen.
    F. Small bowel contusions.

III. Heart (425 grams).

    A. Four-chamber dilation, moderate.

IV.  Status post left thoracotomy.

V.   See separate Toxicology Report.

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

# AUTOPSY REPORT

**12**

No.

2020-05985

SALZMAN JR., GARY ALLEN

Page  2

CIRCUMSTANCES:

See Investigator's Report Form #3.

EXTERNAL EXAMINATION:

The body is identified by toe tags and is that of an unembalmed, refrigerated adult Caucasian male who appears about the reported age of 43 years.  The body weighs 212 pounds, measures 66 inches and appears well developed and well nourished.  The skin is free of scars and burns.  Wrist scars are absent.  A tattoo is present on the right shoulder.  Rigor has been presumably altered.  Livor mortis is fixed posteriorly.

The head is normocephalic and covered by gray hair.  A mustache and beard are present.  Examination of the eyes reveals irides that are brown in color and sclerae that are unremarkable.  There are scattered petechia of the conjunctiva of the right lower eyelid.  The oronasal passages are unobstructed.  Upper and lower teeth are present.  The neck is straight and without hypermobility.  There is no chest deformity.  The abdomen is obese.  The genitalia are those of an adult male.  The external genitalia are without trauma or lesions.  The extremities show no edema, joint deformity, abnormal mobility, or needle tracks.

EVIDENCE OF THERAPEUTIC INTERVENTION:

The following are present and are in proper position: Endotracheal tube, vascular access sites, interosseous site, urinary catheter.

There are signs that the following surgical procedures have been done:  Bilateral chest tube placement, left sided thoracotomy.

EVIDENCE OF EXTERNAL TRAUMATIC INJURY:

1. Contusions of face, anterior neck, chest, and hands.
2. Lacerations of lip mucosae.
3. Abrasions of abdomen.

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

# **AUTOPSY REPORT**

| | |
|---|---|
| **12** | No. <br> 2020-05985 <br> SALZMAN JR., GARY ALLEN |

Page _3_

CLOTHING:

The body was not clothed, and I did not see the clothing.


INITIAL INCISION:

The body cavities are entered through the standard Y-shaped incision and the standard coronal incision.  No foreign material is present in the mouth, upper airway, and trachea.


EVIDENCE OF INTERNAL INJURIES:

1. Diffuse tongue contusions.
2. Thyroid cartilage fractures.
3. Diffuse contusions of anterior neck strap muscles.
4. Left 3rd and 4th anterolateral rib fractures.
5. Surface hilar lacerations of liver and spleen.
6. Small bowel contusions.


NECK:

The neck organs are removed en bloc with the tongue.  There is no edema of the larynx.  The hyoid bone is intact and without fractures.  There are diffuse contusions and facial hemorrhages of the anterior neck strap muscles bilaterally.  The thyroid cartilage shows a vertical fracture across the entire length just to the right of midline.  There is also a displaced fracture at the left superior horn of the thyroid cartilage.  There are diffuse contusions of the tongue.


CHEST/ABDOMINAL CAVITY:

The left pleural cavity contains mild amount of bloody fluid.  The right pleural cavity contains no fluid or adhesions.  The lungs are poorly expanded.  Soft tissues of the thoracic and abdominal walls are well preserved.  The subcutaneous fat of the abdominal wall measures 5.0 cm.  The organs of the abdominal cavity have a normal arrangement.  There is a mild amount of bloody fluid

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

# AUTOPSY REPORT

**12**

No.

2020-05985

SALZMAN JR., GARY ALLEN

Page 4

collection around the spleen and liver.  The peritoneal cavity is without evidence of peritonitis.  There are no adhesions.

### SYSTEMIC AND ORGAN REVIEW

The following observations are limited to findings other than injuries, if described above.

CARDIOVASCULAR SYSTEM:

The aorta is elastic and of even caliber throughout with vessels distributed normally from it.  The thoracic and abdominal aorta have lipid streaking.  There is no tortuosity or widening of the thoracic segment.  There is no dilation of the lower abdominal segment.  No aneurysm is present.  The pericardial sac has been previously opened and a mild amount of pericardial blood is present.  The heart weighs 425 grams.  It has moderate four-chamber dilation.  The right ventricle is 0.2 cm thick; the left ventricle is 1.0 cm thick.  The chambers are without mural thrombosis.  The valves are thin, leafy, and competent.  There is no endocardial discoloration.  There are no lesions of the myocardium.  There is no abnormality of the apices of the papillary musculature.  There are no defects of the septum.  The great vessels enter and leave in a normal fashion.  The coronary ostia are patent.  There is a normal pattern of coronary artery distribution.  There is no atherosclerosis of the major coronary arteries.  The blood within the heart and large blood vessels is liquid.

RESPIRATORY SYSTEM:

Moderate secretions are found in the bronchial passages.  The mucosa is intact and pale.  The lungs are subcrepitant.  The left lung weighs 700 grams, the right lung weighs 750 grams.  The visceral pleurae are smooth and intact.  The parenchyma is congested and edematous.  The pulmonary vasculature is without thromboembolism.

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

# AUTOPSY REPORT

**12**

No.

2020-05985

SALZMAN JR., GARY ALLEN

Page  5

GASTROINTESTINAL SYSTEM:

The esophagus is intact throughout.  The stomach is not distended.
It contains 150 cc of tan gastric material.  The mucosa is
unremarkable.  Portions of tablets and capsules cannot be
discerned in the stomach.  The small intestine and colon are
examined by inspection, palpation, and multiple incisions and the
contents are unremarkable.  The appendix is present.  The pancreas
occupies a normal position and is unremarkable.

HEPATOBILIARY SYSTEM:

The liver weighs 1400 grams, is of average size and is red brown.
The capsule is thin, and the consistency of the parenchyma is
soft.  The cut surface is smooth.  There is a normal lobular
arrangement.  The gallbladder is present.  The wall is thin and
pliable.  It contains bile and no calculi.

URINARY SYSTEM:

The left kidney weighs 150 grams.  The right kidney weighs 150
grams.  The kidneys are normally situated and the capsules strip
easily revealing surfaces that are pale.  The corticomedullary
demarcation is preserved.  The urinary bladder is unremarkable.
It contains 25 cc of clear urine.

GENITAL SYSTEM:

The prostate is without enlargement or nodularity.  Both testes
are in the scrotum and are unremarkable.

HEMOLYMPHATIC SYSTEM:

The spleen weighs 125 grams and is of average size.  The capsule
is lacerated as previously stated.  The parenchyma is dark red.
There is no increased follicular pattern.  Lymph nodes throughout
the body are small and inconspicuous.  The bone density is not
remarkable.  The bone marrow of the rib is unremarkable.

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

# AUTOPSY REPORT

**12**

No.

2020-05985

SALZMAN JR., GARY ALLEN

Page __6__

ENDOCRINE SYSTEM:

The thyroid is unremarkable.  The parathyroid glands are not
identified.  The adrenals are unremarkable.  The pituitary gland
is unremarkable.

HEAD AND CENTRAL NERVOUS SYSTEM:

There is no subcutaneous or subgaleal hemorrhage in the scalp.
The external periosteum and dura mater are stripped showing no
fractures of the calvarium or base of the skull.  There are no
tears of the dura mater.  There are no epidural, subdural, or
subarachnoid hemorrhage.  The brain weighs 1350 grams.  The
leptomeninges are thin and transparent.  A normal convolutionary
pattern is observed.  Coronal sectioning demonstrates a uniformity
of cortical gray thickness.  The cerebral hemispheres are
symmetrical.  There is no softening, discoloration, or hemorrhage
of the white matter.  The basal ganglia are intact.  Anatomic
landmarks are preserved.  Cerebral contusions are not present.
The ventricular system is unremarkable without dilation or
distortion.  Pons, medulla, and cerebellum are unremarkable.
There is no evidence of uncal or cerebellar herniation.  Vessels
at the base of the brain have a normal pattern of distribution.
The cerebral arteries are without arteriosclerosis.

HISTOLOGIC SECTIONS:

Representative sections from various organs are preserved in one
storage jar.

TOXICOLOGY:

Blood, urine, and vitreous humor have been submitted to the lab.
A comprehensive screen was requested.



COUNTY OF LOS ANGELES                      DEPARTMENT OF MEDICAL EXAMINER-CORONER

# AUTOPSY REPORT

**12**

| No. |
| 2020-05985 |
| SALZMAN JR., GARY ALLEN |

Page __7__

PHOTOGRAPHY:

Photographs have been taken prior to and during the course of the autopsy.


RADIOLOGY:

X-rays and CT scans are obtained.


WITNESSES:

Sergeant Heredia of LASD witnessed the autopsy.


DIAGRAMS USED:

Diagram Forms 20 and 22 were used during the performance of the autopsy.  The diagrams are not intended to be facsimiles.


OPINION:

The cause of death is sequelae of manual strangulation and blunt force trauma.  The manner of death is homicide.


_____                    8/4/20
LAWRENCE NGUYEN, M.D.                         DATE
DEPUTY MEDICAL EXAMINER

LN:bbtt/b
D:07/09/20; T:07/15/20

21

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER-CORONER

**20**

Gray hair
Br eyes
teeth pres
VD mn
@ 8 pm

2020-05985
SALZMAN, GARY
HOMI          48



Date  7/9/20

_____ M.D.
Deputy Medical Examiner

Right Thumbprint

Rev. 9/17

COUNTY OF LOS ANGELES

DEPARTMENT OF MEDICAL EXAMINER - CORONER



**22**

2020-05985
SALZMAN, GARY
HOMI          48

Date

_____ M.D.

Deputy Medical Examiner

REV. (11/14)

**COUNTY OF LOS ANGELES** — **MEDICAL REPORT** — DEPARTMENT OF MEDICAL EXAMINER-CORONER

## 15

AUTOPSY CLASS: ☒ A  ☐ B  ☐ C  ☐ Examination Only D
☐ FAMILY OBJECTION TO AUTOPSY
Date: 7/9/20  Time: 1220  Dr. NGUYEN (Print)
FINAL ON: 7/9/20  By: NGUYEN (Print)

2020-05985
SALZMAN, GARY
HOMI        48

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH:

DEATH WAS CAUSED BY: (Enter only one cause per line for A, B, C, and D)

Age: 43  Gender: (Male)  Female

IMMEDIATE CAUSE:
(A) Sequelae of manual strangulation and blunt force trauma   Hrs

DUE TO, OR AS A CONSEQUENCE OF:
(B)

DUE TO, OR AS A CONSEQUENCE OF:
(C)

DUE TO, OR AS A CONSEQUENCE OF:
(D)

OTHER CONDITIONS CONTRIBUTING BUT NOT RELATED TO THE IMMEDIATE CAUSE OF DEATH:

### PRIOR EXAMINATION REVIEW BY DME
☒ BODY TAG  ☐ CLOTHING
☒ X-RAY (No. _____)  ☐ FLUORO
☐ SPECIAL PROCESSING TAG  ☒ MED. RECORDS
☐ AT SCENE PHOTOS (No. _____)

### CASE CIRCUMSTANCES
☐ EMBALMED
☐ DECOMPOSED
☐ >24 HRS IN HOSPITAL
☐ OTHER: _____ (Reason)

☐ NATURAL   ☐ SUICIDE   ☒ HOMICIDE
☐ ACCIDENT   ☐ COULD NOT BE DETERMINED

If other than natural causes, HOW DID INJURY OCCUR? Assailed by another

WAS OPERATION PERFORMED FOR ANY CONDITION STATED ABOVE: ☒ YES ☐ NO
TYPE OF SURGERY: Thoracotomy  DATE: 7/5/20
☐ ORGAN PROCUREMENT  ☒ TECHNICIAN: Gonzalez
PREGNANCY IN LAST YEAR  ☐ YES ☒ NO ☐ UNK ☐ NOT APPLICABLE
☒ WITNESS TO AUTOPSY  ☐ EVIDENCE RECOVERED AT AUTOPSY
Item Description:

Srg. Heredia, LASD

### TYPING SPECIMEN
TYPING SPECIMEN TAKEN BY: LN
SOURCE: Heart

### TOXICOLOGY SPECIMEN
COLLECTED BY: LN
☒ HEART BLOOD  ☐ STOMACH CONTENTS
☒ FEMORAL BLOOD  ☒ VITREOUS
TECHNIQUE:
☐ _____ BLOOD  ☐ SPLEEN
☐ _____ BLOOD  ☐ KIDNEY
☐ BILE  ☐ _____
☐ LIVER  ☐ _____
☐ URINE  ☐ _____
URINE GLUCOSE DIPSTICK NEG: 4+ 3+ 2+ 1+ 0
TOX SPECIMEN RECONCILIATION BY: SCFS

### HISTOLOGY
☒ Regular (No. _____)  ☐ Oversize (No. _____)
Histopath Cut: ☐ Autopsy ☐ Lab

### TOXICOLOGY REQUESTS
FORM 3A: ☐ YES ☐ NO
☐ NO TOXICOLOGY REQUESTED
SCREEN ☒ C ☐ H ☐ T ☐ S ☐ D
☐ ALCOHOL ONLY
☐ CARBON MONOXIDE
☐ OTHER (Specify drug and tissue)

### REQUESTED MATERIAL ON PENDING CASES
☐ POLICE REPORT  ☐ MED HISTORY
☐ TOX FOR COD  ☐ HISTOLOGY
☐ TOX FOR R/O  ☐ INVESTIGATIONS
☐ MICROBIOLOGY  ☐ EYE PATH. CONS.
☐ RADIOLOGY CONS.
☐ CONSULT ON: _____
☐ BRAIN SUBMITTED
☐ NEURO CONSULT ☐ DME TO CUT
☐ CRIMINALISTICS
☐ GSR ☐ SEXUAL ASSAULT ☐ OTHER

RESIDENT _____  DME _____

WHITE - File Copy   CANARY - Forensic Lab   PINK - Certification   GOLDENROD - DME   (Rev. 9/13)

(24)

| COUNTY OF LOS ANGELES | AUTOPSY CHECK SHEET | DEPARTMENT OF CORONER |

# 16

2020-05985
SALZHAN, GARY
HOMI                48

**EXTERNAL EXAM**
- Sex
- Race
- Age
- Height
- Weight
- Hair
- Eyes
- Sclera
- Teeth
- Mouth
- Tongue  *contusion*
- Nose
- Chest
- Breasts
- Abdomen
- Scar
- Genitals
- Edema
- Skin
- Decubitus

**HEART Wt.**  425
- Pericardium  *blood*   RV 0.2
- Hypertrophy        Septum
- Dilation  ++ (5.0)   LV 1.0
- Muscle            Septum 1.0
- Valves
- Coronaries 0/0/0

**AORTA**  -5
**VESSELS**
**LUNGS Wt.**
- R  750
- L  760
- Adhesions
- Fluid
- Atelectasis
- Oedema ++
- Congestion +++
- Consolidation
- Bronchi  mod scar
- Nodes

**PHARYNX**
**TRACHEA**
**THYROID**
**THYMUS**
**LARYNX**
**HYOID**
**ABDOMINAL WALL FAT**  5.0

**PERITONEUM**
- Fluid
- Adhesions

**LIVER Wt.**  1400   *surface hilar less*
- Capsule
- Lobules
- Fibros
- G B  *surg absent, adhesions stones*
- Calculus
- Bile ducts

**SPLEEN Wt.**  125   *surface hilar 1cc*
- Color
- Consistency
- Capsule
- Malpigment

**PANCREAS**
**ADRENALS**
**KIDNEYS Wt.**
- R  150  } pale
- L  150
- Capsule
- Cortex
- Vessels
- Pelvis
- Ureters

**BLADDER**  25 cc
**GENITALIA**
- Prostate
- Testes
- Uterus
- Tubes
- Ovaries

**OESOPHAGUS**
**STOMACH**
- Contents  150 cc  tan GC

**DUOD. & SM. INT.**  small bowel contusion
**APPENDIX**
**LARGE INT.**
**ABDOM. NODES**
**SKELETON**
- Spine
- Marrow
- Rib Cage  c interlock rib fra 2M/4M
- Long bones
- Pelvis

**SCALP**
**CALVARIUM**
**BRAIN Wt.**  1350
- Dura
- Fluid
- Ventricles
- Vessels
- Middle ears
- Other

**PITUITARY** (+)

**SPINAL CORD**

**TOXICOLOGY SPECIMENS**

**SECTIONS FOR**
**HISTOPATHOLOGY**

**MICROBIOLOGY**

**DIAGRAMS**
**X-RAYS**

**OTHER PROCEDURES**

**GROSS IMPRESSIONS**

| Date | Time | Deputy Medical Examiner |
|------|------|-------------------------|
| 7/9/20 | 1220 | |



Department of Medical Examiner-Coroner, County of Los Angeles

# FORENSIC SCIENCE LABORATORIES
1104 North Mission Road, Los Angeles, CA 90033

## Laboratory Analysis Summary Report



Nguyen, Lawrence M.D.

☐ PendingTox

Deputy Medical Examiner
1104 North Mission Road
Los Angeles, CA 90033

**Coroner Case Number:** 2020-05985   **Decedent:** SALZMAN JR., GARY ALLEN

| SPECIMEN | SERVICE | DRUG | RESULT | ANALYST |
|---|---|---|---|---|
| **Alcohol Quantitation/Confirmation** | | | | |
| Blood, Femoral | | | | |
| | Alcohol-GC/FID-HS | Ethanol | Negative | A. Chavez |
| Blood, Heart | | | | |
| | Alcohol-GC/FID-HS | Ethanol | 0.020  g% | M. Schuchardt |
| Vitreous | | | | |
| | Alcohol-GC/FID-HS | Ethanol | Negative | A. Chavez |
| **Drug Screen** | | | | |
| Blood, Heart | | | | |
| | ELISA-Immunoassay | Benzodiazepines | PP | P. PfylCruz |
| | ELISA-Immunoassay | Cocaine and Metabolites | ND | P. PfylCruz |
| | ELISA-Immunoassay | Fentanyl | ND | P. PfylCruz |
| | ELISA-Immunoassay | Marijuana:11-nor-Delta-9-Carboxy-THC | PP | P. PfylCruz |
| | ELISA-Immunoassay | Methamphetamine & MDMA | ND | P. PfylCruz |
| | ELISA-Immunoassay | Opiates: Codeine & Morphine | ND | P. PfylCruz |
| | ELISA-Immunoassay | Opiates: Hydrocodone & Hydromorphone | ND | P. PfylCruz |
| | ELISA-Immunoassay | Phencyclidine | ND | P. PfylCruz |
| **Drug Screen/Confirmation** | | | | |
| Blood, Femoral | | | | |
| | Bases-GC/NPD &/or MS | Diphenhydramine | 0 18  ug/mL | R. Cabrera |
| | Bases-GC/NPD &/or MS | Olanzapine | 0 16  ug/mL | R. Cabrera |
| Blood, Heart | | | | |
| | Bases-GC/NPD &/or MS | Diphenhydramine | 0 53  ug/mL | R. Cabrera |
| | Bases-GC/NPD &/or MS | Olanzapine | 0 34  ug/mL | R. Cabrera |
| | Benzos (Free)-LC/MS | Benzodiazepines | ND | B. Helmer |
| | Cannabinoids-LC/MS/MS | 11-nor-Delta-9-Carboxy-THC, Free | ND | R. Cabrera |
| | Cannabinoids-LC/MS/MS | Delta 9-Tetrahydrocannabinol (THC), Free | ND | R. Cabrera |

26

W 8/27/20

**Coroner Case Number:** 2020-05985   **Decedent:** SALZMAN JR., GARY ALLEN

| SPECIMEN | SERVICE | DRUG | RESULT | ANALYST |
|----------|---------|------|--------|---------|

**Legend:**

| | | | | | |
|---|---|---|---|---|---|
| | | ND | Not Detected | SNS | Specimen Not Suitable |
| g | Grams | ng/g | Nanograms per Gram | TNP | Test Not Performed |
| g% | Gram Percent | ng/mL | Nanograms per Milliliter | ug | Micrograms |
| Inc. | Inconclusive | PP | Presumptive Positive | ug/g | Micrograms per Gram |
| mg | Milligrams | QNS | Quantity Not Sufficient | ug/mL | Micrograms per Milliliter |

The alcohol analysis was performed in accordance to California Code of Regulations "Title 17" compliance by a qualified analyst in the Forensic Toxicology Laboratory, Forensic Laboratories Division, County of Los Angeles Department of Medical Examiner - Coroner.

Enzyme-linked immunosorbant assay (ELISA) provides only a preliminary analytical result that is contingent upon a confirmatory test. A "presumptive positive" (PP) signifies a detection of a drug class and must be confirmed by additional testing for true identification and/or quantitation of specific drug(s) present in the specimen.

Per the Department's Evidence Retention Policy, the blood specimen(s) will be retained for one year (minimum) and all other specimens six months (minimum) from Postmortem Exam.

Final Review By:                                                    Date: 8/17/20

**Sarah Buxton de Quintana**
**Supervising Criminalist I**

*The above results relate only to the items sampled and tested and have been technically and administratively reviewed and are the opinions and conclusions of the analysts noted. The final review has been certified by the noted Toxicologist to ensure that all standard operating procedures were followed as set by the Forensic Toxicology Laboratory, Forensic Sciences Laboratory Division, County of Los Angeles Department of Medical Examiner-Coroner.*



**CASE REPORT**

COUNTY OF LOS ANGELES | DEPARTMENT OF CORONER

| | APPARENT MODE | CASE NO. |
|---|---|---|
| **1** | **HOMICIDE** | 2020-05985 |
| | SPECIAL CIRCUMSTANCES | CRYPT |
| | In Custody, Victim of Crime | 48 |

LAST, FIRST MIDDLE | AKA | #

**SALZMAN JR. , GARY  ALLEN**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 531 EAST 31ST STREET | LOS ANGELES | CA | 90011 |

| SEX | RACE APPEARS | DOB | AGE | HGT | WGT | EYES | HAIR | TEETH | FACIAL HAIR | ID VIEW | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MALE | CAUCASIAN | 7/1/1977 | 43 | 66 in. | 212 lbs. | BROWN | GRAY | ALL NATURAL TEETH | BEARD AND MUSTACHE | Yes | FAIR |

| MARK TYPE | MARK LOCATION | MARK DESCRIPTION |
|---|---|---|
| TATTOO | RIGHT ARM | UNKNOWN SYMBOL |

| NOK | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|

| RELATIONSHIP | PHONE | NOTIFIED BY | DATE | TIME |
|---|---|---|---|---|
| FATHER | | | 7/5/2020 | |

| SSN | DL ID | STATE | PENDING BY |
|---|---|---|---|

| ID METHOD |
|---|
| FINGERPRINTS FROM LASD |

| LA # | MAIN # | CII # | FBI # | MILITARY # | PCB |
|---|---|---|---|---|---|

| IDENTIFIED BY NAME (PRINT) | RELATIONSHIP | PHONE | DATE | TIME |
|---|---|---|---|---|
| PRINTS @ DOJ, FBI, LASD | | | 7/6/2020 | 14:47 |

| PLACE OF DEATH / PLACE FOUND | ADDRESS OR LOCATION | CITY | ZIP |
|---|---|---|---|
| HOSPITAL | 2051 MARENGO STREET | LOS ANGELES | 90033 |
| LAC/USC MEDICAL CENTER | | | |

| PLACE OF INJURY | AT WORK | DATE | TIME | LOCATION OR ADDRESS | ZIP |
|---|---|---|---|---|---|
| JAIL | No | 7/5/2020 | 12:30 | 450 BAUCHET STREET , LOS ANGELES, CA | 90012 |

| DOD | TIME | FOUND OR PRONOUNCED BY |
|---|---|---|
| 7/5/2020 | 18:54 | DR. INABA |

| OTHER AGENCY INV. OFFICER | PHONE | REPORT NO. | NOTIFIED BY | | NO |
|---|---|---|---|---|---|
| LASD HOMICIDE - DETECTIVE HEREDRA | (323) 890-5500 | 020-01293-5800-011 | | | |

| TRANSPORTED BY | TO | DATE | TIME |
|---|---|---|---|
| LORENZO CERVANTES | LOS ANGELES FSC | 7/6/2020 | 11:30 |

| FINGERPRINTS? | Yes | CLOTHING | No | PA RPT | No | MORTUARY | |
|---|---|---|---|---|---|---|---|
| MED. EV. | No | INVEST. PHOTO # | 9 | SEAL TYPE | | HOSP RPT | Yes |
| PHYS. EV. | Yes | EVIDENCE LOG | Yes | PROPERTY? | No | HOSP CHART | Yes |
| SUICIDE NOTE | No | GSR NO | | RCPT. NO. | 317859 | PF NO. | 100277688 |

SYNOPSIS

On 07/05/2020, the decedent was found unresponsive by Deputies in his jail cell. It was reported that the decedent was possibly assaulted by another inmate.  Life saving measures were started by staff at the scene while 911 was contacted. Paramedics arrived to the scene and took over life saving measures. The decedent was transported to the hospital in cardiac arrest. On 07/05/2020 the decedent underwent a left side thoracotomy. Despite life saving measures the decedent was pronounced on 07/05/2020 at 1310 hours. There is video of the incident. There is a suspect in custody at the completion of this report.

| | | DATE | 7/8/2020 | REVIEWED BY | | DATE | 7/8/20 |
|---|---|---|---|---|---|---|---|
| MELISSA MUNOZ | | TIME | 16:53 | | | TIME | |
| 638999 | | INVESTIGATOR | | | | | |

FORM #3 NARRATIVE TO FOLLOW? ☑

(28)




**County of Los Angeles, Department of Coroner**
**Investigator's Narrative**

Case Number:  CaseNum                    Decedent:  FullName

## Information Sources:

Medical Record: Hospital: LAC+ USC Medical Center: 2051 Marengo Street, Los Angeles, CA, 90033, Patient file #100277688.

Detective Heredia #259674, Los Angeles Sheriff's Department Homicide Bureau, (323) 890-5500.

## Investigation:

On 07/05/2020 at 1956 hours, Detective Heredia #259674 from the Los Angeles Sheriff's Department Homicide Bureau reported this apparent homicide death to Investigator L. Darabedyan. It was reported that the decedent was in his cell with his cell mate at twin towers. On 07/05/2020 at approximately 1200 hours, a Deputy was completing rounds and saw the cellmate standing on the decedent's neck. Deputies separated them and moved the decedent to another cell to render aid. The decedent was transported to the hospital and pronounced. There was a suspect in custody at the time of the call.

The decedent was transported from the hospital to the Forensic Science Center by Forensic Attendant I. Cervantes on 07/06/2020 at 1130 hours.

I received this case for investigation on 07/08/2020.

The decedent's fingerprint return showed no prior drug or alcohol related arrests on file.

Criminalist call out criteria was reviewed and was not met at the time of my investigation.

## Location:

Place of Injury: Jail: 450 Bauchet Street, Los Angeles, CA, 90012.

Place of Death: Hospital: 2051 Marengo Street, Los Angeles, CA, 90033.

## Informant/Witness Statements:

The medical record and the Form 18 had the following information.  On 07/05/2020, the decedent was found unresponsive by Deputies in his jail cell. It was reported that the decedent was possibly assaulted by another inmate.   Life saving measures were started by staff at the scene while 911 was contacted. Paramedics arrived to the scene and took over life saving measures. The decedent was transported to the hospital in cardiac arrest. A CT scan showed an acute mildly comminuted, mildly displaced fracture of the anterior thyroid cartilage at the laryngeal prominent extending to the inferior thyroid notch, acute mildly displaced fracture of the left thyroid cartilage superior horn, hyperdense focus along the left temporoparietal convexity, and acute comminuted displaced fractures of the left anterolateral 3rd and 4th rib.  On 07/05/2020 the decedent underwent a left side thoracotomy. Despite life saving measures the decedent was pronounced on 07/05/2020 at 1310 hours by Dr. Inaba.

On 07/08/2020, I conducted a telephone interview with Detective Heredia #259674 from the Los Angeles Sheriff's Department Homicide Bureau and he stated *the following information that is preliminary and subject to change pending an ongoing police investigation.* On 07/05/2020, the decedent was reportedly sleeping on the floor of the jail cell and his cellmate was on the top bunk of the bed. The suspect reportedly jumped down from the top bunk onto the decedent. The suspect then attempted to choke the decedent and punched him in the neck. The suspect then reportedly got some water to drink and returns to the decedent. The suspect finally stands on the decedent's neck using the upper bunk rails for balance. Deputies arrived to the scene, remove the suspect, and started life saving measures. There is video of the incident. There is a suspect in custody at the completion of this report.

(29)

 

**County of Los Angeles, Department of Coroner
Investigator's Narrative**

Case Number:  CaseNum                     Decedent:  FullName

## Scene Description:

There was no scene investigation by Medical Examiner personnel as this was a hospital case.

## Evidence:

On 07/06/2020, Forensic Attendant L. Cervantes collected a fingernail kit at 1430 hours and a hair kit at 1432 hours. Please see evidence log.

## Body Examination:

Body Positioning: The decedent is a 43-year-old Caucasian male with brown eyes and grey hair. He was seen with a beard, a mustache, and apparent natural teeth. A hospital identification band with the decedent's information was seen to his right leg. The decedent was viewed at the Forensic Science Center. The decedent's back side was not viewed.

Medical Appliances: A tube was seen coming from the decedent's mouth, sides, and genitals. A surgical suture was seen to the decedent's left side. There were no other medical appliances seen.

Trauma: Red discoloration was seen to the decedent's neck and face. Blue discoloration was seen to the decedent's chest. Dark discoloration was seen to the decedent's chest. There was no other obvious evidence of trauma seen or palpated.

Identifying marks: A tattoo was seen to the decedent's right arm. There were no scars or deformities seen to the decedent.

Rigor mortis and Lividity: Rigor mortis and livor mortis were not observed as this was a hospital case.

## Identification:

The decedent was positively identified by his fingerprints from the Department of Justice as Gary Allen Salzman Jr., date of birth 07/01/1977.

## Next of Kin Notification:

██████████████ father, was notified of the death by Detectives on 07/05/2020. The decedent was not married and did not have any children.

## Tissue Donation:

Unknown if tissue donation was addressed by a One Legacy representative.

## Autopsy Notification:

Please contact Detective Heredia #259674 from the Los Angeles Sheriff's Homicide Bureau for a 2- hours autopsy notification.

_____                    _____
MELISSA MUNOZ #638999                              SUPERVISOR

_____
07/08/2020

Date of Report



| | | |
|---|---|---|
| COUNTY OF LOS ANGELES<br>DEPARTMENT OF CORONER | HOSPITAL AND NURSING<br>CARE FACILITY REPORT | 1104 NORTH MISSION ROAD<br>LOS ANGELES, CALIF. 90033 |

# 18

**TO REPORT A DEATH** — PHONE (323) 343-0711 FAX (323) 222-7041
COMPLETE ALL LINES, USE INK. IF UNKNOWN OR NOT APPLICABLE, SO STATE.

CC # *2020-04985*

NAME OF FACILITY *LAC+USC Medical Center*

ADDRESS _____   HOSPITAL PHONE # *323-409-7391*

NAME OF DECEDENT *Gary Allen Salzman*

SOURCE OF IDENTIFICATION *Chart*   DOB *7/1/77*   AGE *43*   SEX *M*   RACE *Caucasian*

DATE OF DEATH *7/5/20*   TIME *1854*   MEDICAL RECORD OR PATIENT FILE # *100277688*

PRONOUNCED BY *Dean, Evan, MD.*

**ORGAN/TISSUE DONATION INFORMATION**
WAS THE NEXT-OF-KIN APPROACHED REGARDING ORGAN/TISSUE DONATION?

NO ☑  YES ☐   IF YES WHAT WAS THEIR RESPONSE? _____

DATE ENTERED HOSPITAL *7/5/20*   TIME *1310*

☐ SELF   ☑ AMBULANCE (Name or R.A. #) *RA 4*   ☐ ER DEATH?   ☑ IN PATIENT DEATH?

FROM *local jail*
(STATE WHETHER HOME, HOSPITAL OR OTHER)   GIVE ADDRESS   (IF HOSPITAL ATTACH THEIR HISTORY)

ADMITTED BY: *Dr. Inaba, Kenji* M.D.   PRIMARY ATTENDING PHYSICIAN *Dr. Inaba, Kenji* M.D.

OFFICE PHONE # _____   OFFICE PHONE # _____

INJURIES _____   PLACE _____   CAUSE _____
DATE        TIME                                        (TRAFFIC, FALL, ETC.)

DESCRIBE INJURIES:

CLINICAL HISTORY:

SURGICAL PROCEDURES: STATE TYPE, DATE, TIME AND RESULTS OF ANY OPERATION OR AMPUTATION PERFORMED

WAS A BULLET OR OTHER FOREIGN OBJECTS RECOVERED?   SPECIFY _____

LABORATORY: REPORT ON PATHOLOGY SPECIMENS TAKEN _____   DATE & TIME _____

LABORATORY PHONE NUMBER *323-409-7023*

MICROBIOLOGY CULTURE RESULTS: *✓* NO _____ YES (ATTACH REPORT)

TOXICOLOGY SCREEN: _____ NO *✓* YES (ATTACH REPORT)

RADIOLOGICAL STUDIES: _____ NO *✓* YES (ATTACH REPORT)

REMARKS: ESPECIALLY SYMPTOMS PRECEDING AND DURING TERMINAL EPISODE

IN MY OPINION, THE CAUSE OF DEATH IS: _____

BY _____ M.D.

OFFICE PHONE # _____

-OR- _____
NURSE/HOSPITAL ADMINISTRATOR

OFFICE PHONE # _____

| MRUN | **SALZMAN, GARY ALLEN**<br>DOB: 07/01/1977  43 Y  M<br>DOS: 07/05/2020 13:08<br>ATT: Spyres, Meghan Beth<br>FIN: 1020768314 |
|---|---|
| NAME | MRN: 100277688 |
| DOB/GENDER | |

1. **THE BODY WILL NOT BE REMOVED BY THE CORONER WITHOUT HIS COMPLETED REPORT AND COPIES OF ALL CHARTS.**
2. **ALL ADMISSION BLOOD SAMPLES/SPECIMENS, INCLUDING GASTRIC LAVAGE, NEED TO ACCOMPANY THE REMAINS.**

T-76H655

FILE IN MEDICAL RECORD   (31)   PAGE 1 OF 1   76H655 (9-09)

**TO REPORT A DEATH**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #2



Exhibit #2

# CLAIMS FOR DAMAGES
# TO PERSON OR PROPERTY

TIME STAMP
OFFICE USE ONLY

**COUNTY OF LOS ANGELES**



INSTRUCTIONS:

1. Read claim thoroughly.
2. Fill out claim as indicated; attach additional information if necessary.
3. Please use one claim form for each claimant.
4. Return this original signed claim and any attachments supporting your claim. This form <u>must</u> be signed.

DELIVER OR U.S. MAIL TO:
EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS
500 WEST TEMPLE STREET, ROOM 383,
KENNETH HAHN HALL OF ADMINISTRATION, LOS ANGELES, CA 90012
(213) 974-1440

---

1. ☒ Mr. ☐ Ms. ☐ Mrs.   LAST NAME   FIRST NAME   M.I.
Salzman   Gary   A

2. ADDRESS OF CLAIMANT
41029 172d Street East
CITY   STATE   ZIP CODE
Lancaster   CA   93535
HOME PHONE   ALTERNATE PHONE
(661) 264-0906   (661) 860-3416
3. CLAIMANT'S BIRTHDATE:   4. CLAIMANT'S SOCIAL SECURITY NUMBER
06/05/1957   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
5. ADDRESS TO WHICH CORRESPONDENCE SHOULD BE SENT
41029 172d Street East
STREET   CITY   STATE   ZIP CODE
Lancaster   CA   93535
6. DATE AND TIME OF INCIDENT
7/5/2020 9:17 am
7. WHERE DID DAMAGE OR INJURY OCCUR?
Los Angeles County, Twin Towers Jail
STREET   STATE   ZIP CODE
450 Bauchet St., LA   CA   90012

8. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED AND LIST DAMAGES (attach copies of receipts or repair estimates):
My son, Gary Jr., was murdered July 05, 2020 while in the custody of the Los Angeles County Sheriff Department, Los Angeles County Jail. Please see attached LA County Coroner's case #2020-05985, attached hereto as Exhibit #1, and Exhibits #2 - #4 in support of my Claim.

10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?
The County of Los Angeles and the LA County Sheriff's Department were negligent Res ipsa loquitur in allowing my son Gary Salzman to be murdered while in their custody. My son was openly gay and a veteran of the U.S. Military. He was placed in the general population at the Men's Jail. He was murdered by another inmate as a direct and proximate cause of the County's neglect, including but not limited to a failure to supervise and failure to protect and follow established Jailhouse procedures and policies.The County Sheriff's abused their power in allowing my son's murder through maintaining unsafe conditions. Deputies ignored my son's immediate need for urgent care.

See Exhibits #1 - #4 attached hereto in support of my claim.

11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):

| NAME | DEPARTMENT |
|---|---|
| UNKNOWN | LA County Sheriff |
| UNKNOWN | State of California |

12. WITNESS(ES) TO DAMAGES OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:

| NAME | PHONE |
|---|---|
| UNKNOWN | |
| ADDRESS | |
| NAME | PHONE |
| | |
| ADDRESS | |

9. WERE POLICE OR PARAMEDICS CALLED?   YES ☒   NO ☐

(IF YES) AGENCY'S NAME   LA County Sheriff   REPORT # _____

CHECK IF LIMITED CIVIL CASE ☐

TOTAL DAMAGES TO DATE   TOTAL ESTIMATED PROSPECTIVE DAMAGES
$ 6,000,000.00   $ 8,000,000.00

13. IF PHYSICIAN(S) WERE VISTED DUE TO INJURY, PROVIDE NAME, ADDRESS, PHONE NUMBER, AND DATE OF FIRST VISIT FOR EACH:

| DATE OF FIRST VISIT | PHYSICIAN'S NAME | | PHONE |
|---|---|---|---|
| 07/05/2020 | UNKNOWN | | |
| STREET | | CITY | STATE ZIP CODE |
| UNKNOWN HOSPITAL | | LA | CA |
| DATE OF FIRST VISIT | PHYSICIAN'S NAME | | PHONE |
| | | CITY | STATE ZIP CODE |
| STREET | | | |

---

**THIS CLAIM MUST BE *SIGNED***

*NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72)*

CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

| 14. PRINT OR TYPE NAME | DATE | 15. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT | DATE |
|---|---|---|---|
| Gary A. Salzman (Father) | 11/10/2020 | *[signature]* | 11/10/2020 |

Revised 11-2016

(33)

lacounty.gov [http://lacounty.gov]    Select Language



<u>BACK TO RESULTS LIST (**/CASE-SEARCH**)</u>     <u>NEW SEARCH</u>

# GARY SALZMAN JR.

July 1, 1977 - July 5, 2020

(43 years )

## Case Number

2020-05985

## Case Status

CLOSED

## Body Status



RELEASED

## Gender

MALE

## Ethnicity

CAUCASIAN

## Place of Death

HOSPITAL

## Manner

HOMICIDE

## Investigator

MUNOZ

## Deputy Medical Examiner

DR. NGUYEN

## Cause A

SEQUELAE OF MANUAL STRANGULATION AND BLUNT
FORCE TRAUMA

## Cause B

N/A

## Cause C

N/A



Ex. #1

2/3

# Cause D

N/A

# Other Significant Conditions

N/A

PURCHASE DOCUMENTS (/PURCHASE-CASE-DOCUMENTS/?CASENUMBER=2020-05985)

**For more case information, please call the Records unit number: 323-343-0695.**

**Deferred** = Pending additional investigation.

Cases on security hold will not be displayed in the search results.

Coroner Case information displayed or populated on this website is public record and is subject to disclosure by the California Public Records Act.



Ex. #1

*Gary Salzman Obituary*

# Gary SALZMAN

## 1977 - 2020



Send Flowers

→ Share

On July 5, 2020 Gary Salzman Jr., age 43 went home to be with The Lord. He was born July 1, 1977 and raised in the Antelope Valley. He attended Littlerock High School. Gary received his GED in 1994. Gary was a Veteran of the United States Army and Federal Reserves 1995- 1997. Gary later went on to achieve his AA in Culinary Arts. Gary re-located to Los Angeles in 2015 where he worked as a Chef. Gary leaves behind two children, Chloe Salzman, Thomas Jones, three sisters Patricia Garver, Racheal Salzman and Ashley Salzman as well as his mother and father Gary and Mary Salzman. Memorial Service August 1, 2020 to be held at Hope Chapel 6015 West Ave J8, Quartz Hill, CA 93536 at 11:00 a.m.

Ex. #2
(31)

## The Homicide Report ▼



f 🐦 ✉

# Gary Allen Salzman Jr., 43

JULY 30, 2020

Gary Allen Salzman Jr., a 43-year-old white male, died Sunday, July 5, in Chinatown, according to Los Angeles County Medical Examiner-Coroner's records.

Do you have information to share about the life of Gary Allen Salzman Jr. ? The Homicide Report needs your help. Please fill out this form or e-mail us at homicidereport@latimes.com.

---

Share a memory or thought about Gary Allen Salzman Jr.

Before you post, here are some answers to frequently as|

By continuing to use our site, you agree to our Terms of S
Privacy Policy. You can learn more about how we use coo
reviewing our Privacy Policy. Close

- Why does the Homicide Report give the race of vic

## Special Offer



$1 for 8 weeks

Ex. #3



### Dan John Santiago, 35

SEPT 9, 2009

Dan John Santiago, a 35-year-old Latino male, died Thursday, Aug. 20, in Chinatown, according to Los Angeles County Medical Examiner-Coroner's records.

Do you have information to share about the life of Dan John Santiago? The Homicide Report needs your help. Please fill out this form.

Died on **Aug. 20**
Chinatown
441 Bauchet St.

### Gary Allen Salzman Jr., 43

JULY 10, 2006

Gary Allen Salzman Jr., a 43-year-old white male, died Sunday, July 5, in Chinatown, according to Los Angeles County Medical Examiner-Coroner's records.

Do you have information to share about the life of Gary Allen Salzman Jr.? The Homicide Report needs your help. Please fill out this form.

Died on **July 5**
Chinatown
450 Bauchet St.

### Raul Antonio Barreto, 32

MARCH 31, 2005

Raul Antonio Barreto, a 32-year-old Latino male, died Wednesday, March 11, in Chinatown, according to Los Angeles County Medical Examiner-Coroner's records.

Do you have information to share about the life of Raul Antonio Barreto? The Homicide Report needs your help. Please fill out this form.

Died on **March 11**
Chinatown
441 Bauchet St.

39

Ex. #4

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )  ss
COUNTY OF LOS ANGELES   )

     I am a resident in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 42150 Madison Ct., Quartz Hill, CA 93536. On November 10, 2020, I served the foregoing document(s) described as CLAIMS FOR DAMAGES TO PERSON OR PROPERTY; PROOF OF SERVICE on:

    Executive Officer, Board of Supervisors
    ATT: Claims
    500 West Temple St., Room 383
    Kenneth Hahn Hall of Admin.
    Los Angeles, CA 90012

☐   **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐   **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on September 20, 2019 at Los Angeles County, California.

    Alan T. Schroeder, Jr.
    RPS LA County #6419
    Exp. 12/13/21
_____     _____
    [Type or Print Name]           [Signature]



PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit #3



Exhibit #3



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

January 11, 2021

Gary A. Salzman, Sr.
41029 172nd Street East
Lancaster, California 93535

|  | | |
|---|---|---|
| **Re:** | **Claim Presented:** | **November 10, 2020** |
|  | **File Number:** | **20-1163760*001** |
|  | **Decedent:** | **Gary Salzman, Jr.** |

Dear Claimant:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **November 10, 2020**, was rejected by operation of law on **December 28, 2020**. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103105784.1



Gary A. Salzman, Sr.
January 11, 2021
Page 2


     You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

                             Very truly yours,

                             RODRIGO A. CASTRO-SILVA
                             County Counsel

By
                             EDWIN A. LEWIS
                             Principal Deputy County Counsel
                             Litigation Monitoring Team


EAL:ce

43

**PROOF OF SERVICE**

**File No. 20-1163760*001**

STATE OF CALIFORNIA, County of Los Angeles:

I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

That on **January 13, 2021**, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

> Gary A. Salzman, Sr.
> 41029 172nd Street East
> Lancaster, California 93535

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 13, 2021**, at Los Angeles, California.

_____
**(NAME OF DECLARANT)**

_____
**(SIGNATURE OF DECLARANT)**

HOA.103105789.1

(44)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #4



Exhibit #4

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. SA102770                                    PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA   VS.     CURRENT DATE 12/10/20
DEFENDANT 01:  GARY  SALZMAN
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LASD - WEST HOLLYWOOD STATION

BAIL: APPEARANCE  AMOUNT    DATE     RECEIPT OR  SURETY COMPANY    REGISTER
           DATE    OF BAIL  POSTED   BOND NO.                      NUMBER

CASE FILED ON 06/24/20.
  COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 06/22/20 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
  COUNT 01: 211 PC FEL
  COUNT 02: 243(C)(1) PC FEL
  COUNT 03: 459 PC FEL
  PCUBILLAS  (CUSTODY)
NEXT SCHEDULED EVENT:
  06/24/20   830 AM  ARRAIGNMENT   DIST AIRPORT COURTHOUSE DEPT W30


ON 06/24/20 AT  830 AM  IN AIRPORT COURTHOUSE DEPT W30

CASE CALLED FOR ARRAIGNMENT
PARTIES: KEITH L. SCHWARTZ (JUDGE)  STACEY ENSLEY  (CLERK)
             MARCY KNOBEL.  (REP)     LUCRECIA BOADO  (DA)
THE DEFENDANT FAILS TO APPEAR, WITH SUFFICIENT EXCUSE. (MISS-OUT) AND NOT
  REPRESENTED BY COUNSEL
BAIL SET AT $150,000.
NEXT SCHEDULED EVENT:
06/25/20   830 AM  ARRAIGNMENT   DIST AIRPORT COURTHOUSE DEPT W30

CUSTODY STATUS: REMANDED TO CUSTODY


ON 06/25/20 AT  830 AM  IN AIRPORT COURTHOUSE DEPT W30

CASE CALLED FOR ARRAIGNMENT
PARTIES: KEITH L. SCHWARTZ (JUDGE)  STACEY ENSLEY  (CLERK)
             MARCY KNOBEL.   (REP)  SHANE L. MICHAEL  (DA)

THE DEFENDANT FAILS TO APPEAR, WITH SUFFICIENT EXCUSE. (MISS-OUT) AND NOT
  REPRESENTED BY COUNSEL
BAIL SET AT $150,000
NEXT SCHEDULED EVENT:
  06/26/20   830 AM  ARRAIGNMENT   DIST AIRPORT COURTHOUSE DEPT W30

CUSTODY STATUS: DEFENDANT REMANDED


ON 06/26/20 AT  830 AM  IN AIRPORT COURTHOUSE DEPT W30

CASE CALLED FOR ARRAIGNMENT
PARTIES: KEITH L. SCHWARTZ (JUDGE)  BRIDGETTE HUNTER  (CLERK)
             MARCY KNOBEL   (REP)  LUCRECIA BOADO  (DA)
THE DEFENDANT FAILS TO APPEAR, WITH SUFFICIENT EXCUSE. (MISS-OUT) AND NOT
  REPRESENTED BY COUNSEL
BAIL SET AT $150,000

  THE DEFENDANT IS A "REFUSAL' MISS-OUT.



CASE NO. SA102770                          PAGE NO.   2
DEF NO.  01                                DATE PRINTED 12/10/20

  THE "INMATE COURT REFUSAL" DOCUMENT IS RECEIVED FROM THE COUNTY
  JAIL BY FAX ON THIS DATE.

  THE COURT SIGNS AND ISSUES AN EXTRACTION ORDER FOR MONDAY
  06/29/20.  SAID EXTRACTION ORDER IS FAXED TO THE COUNTY JAIL BY
  THE DEPT W30 BAILIFF ON THIS DATE.

  {BAIL REMAINS AS PREVIOUSLY SET}

  ENTRY BY CLERK B.HUNTER.
NEXT SCHEDULED EVENT:
  06/29/20   830 AM  ARRAIGNMENT AND PLEA   DIST AIRPORT COURTHOUSE DEPT W30

CUSTODY STATUS: REMANDED TO CUSTODY


ON 06/29/20 AT  830 AM  IN AIRPORT COURTHOUSE DEPT W30


CASE CALLED FOR ARRAIGNMENT AND PLEA
PARTIES: KEITH L. SCHWARTZ (JUDGE)  BRIDGETTE HUNTER  (CLERK)
              MARCY KNOBEL  (REP)      LUCRECIA BOADO  (DA)
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  ELEANOR SCHNEIR - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ELEANOR SCHNEIR DEPUTY PUBLIC
   DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
   CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 211 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 243(C)(1) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 459 PC.
THE COURT ORDERS A PRE-PLEA REPORT PURSUANT TO PENAL CODE SECTION 1203.7.
THE DEFENDANT'S COUNSEL DOES NOT CONSENT TO A PRE-PLEA INTERVIEW.
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

  THE ARRAIGNMENT HEARING IS HELD.  THE DEFENDANT DENIES ALL

  PRIOR CONVICTIONS, SPECIAL ALLEGATIONS AND ENHANCEMENTS.

  DEFENSE COUNSEL'S ORAL MOTION FOR RELEASE OF THE DEFENDANT ON
  HIS OWN RECOGNIZANCE IS HEARD AND DENIED.

  DEFENSE COUNSEL REQUESTS TO HAVE THE CASE SET FOR PRELIMINARY
  HEARING.  THE *COURT SETS A PRELIMINARY HEARING ON 08/11/20.
  {NO TIME WAIVER}

  ENTRY BY CLERK B.HUNTER.
BAIL SET AT $150,000.
NEXT SCHEDULED EVENT:
08/11/20   830 AM  PRELIMINARY HEARING   DIST AIRPORT COURTHOUSE DEPT W31
DAY 30 OF 30

CUSTODY STATUS: REMANDED TO CUSTODY

LAWTRADR.COM

RECEIVED 12/11/2020 01:56PM 66157590150

CASE NO. SA102770                           PAGE NO.   3
DEF NO.  01                                 DATE PRINTED 12/10/20


ON 07/02/20 AT  830 AM :

    MOTION FOR ORDER APPOINTING PSYCHIATRIST/PSYCHOLOGIST
    PURSUANT TO EVIDENCE CODE SECTION 730 AND 952.

    ORDER FOR APPOINTMENT OF PSYCHIATRIST/PSYCHOLOGIST IS SIGNED
    AND FILED THIS DAY UNDER SEAL.
MATTER PREV SET/REMAIN ON CLDR


ON 08/11/20 AT  830 AM  IN AIRPORT COURTHOUSE DEPT W31

CASE CALLED FOR PRELIMINARY HEARING
PARTIES: CHRISTOPHER W. DYBWAD (JUDGE)  ROBIN ARMSTRONG  (CLERK)
                 RONA K. MATSUZAKI (REP)     TIMOTHY C. HENDERSON  (DA)

DEFENDANT IS NOT PRESENT IN COURT, BUT REPRESENTED BY ANNE D. GOLDIN DEPUTY
    PUBLIC DEFENDER
COUNT (01) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
COUNT (02) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
COUNT (03) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
    THE DEFENDANT IS DECEASED.

    ON THE PEOPLE'S MOTION, THE CASE IS DISMISSED PURSUANT TO
    1385 P.C.

    RELEASE NUMBER AB095852 ISSUED FOR THE SHERIFF'S DEPARTMENT
    PURPOSES.

NEXT SCHEDULED EVENT:
    PROCEEDINGS TERMINATED


08/14/20  ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
          JUSTICE

LAWTRADR.COM          RECEIVED  12/11/2020 01:56PM 6615790150